UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS HARRIS,<br><br>                                    Petitioner,<br><br>v.<br><br>SCOTT KERNAN, Secretary,<br><br>                                    Respondent. | Case No.:  3:15-cv-001794-GPC-PCL<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>**[Dkt. No. 20]** |

On August 13, 2015, Petitioner Curtis Harris ("Petitioner"), a state prisoner proceeding pro se and in forma pauperis, filed a Petition for Writ of Habeas Corpus ("Petition") in federal court pursuant to 28 U.S.C. § 2254.  Dkt. No. 1.  Petitioner challenges his state court convictions in San Diego Superior Court Case No. SCD226968 for assault by means likely to cause great bodily injury, Cal. Penal Code § 245(a)(1), and battery with serious bodily injury, Cal. Penal Code § 243(d).  *Id.* at 2.

On August 15, 2016, pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Judge Peter Lewis issued a Report and Recommendation ("Report") that this Court deny the Petition.  Dkt. No. 20.  Pursuant to that Report, Petitioner had until September 15, 2016 to file objections.  *Id.*  On September 8, 2016, Petitioner moved for an extension of time to file objections.  Dkt. No. 22.  This Court subsequently granted the motion and gave Petitioner until November 14, 2016 to file an opposition.  Dkt. No. 23.  On October

25, 2016, Petitioner filed yet another motion for an extension of time asking for an additional ten days "up to and including until Oct. 24, 2016" in which to file his opposition.  Dkt. No. 25.  On October 27, 2016, the Court denied Petitioner's request as moot because the Court's previous order had already extended Petitioner's deadline to November 24, 2016.  Dkt. No. 27.  Notwithstanding the Court's approval of an extension, Petitioner never filed objections to the Report.

After careful consideration of the pleadings and relevant lodgments submitted by the parties, the Court finds Magistrate Judge Lewis' Report to be thorough, complete, and an accurate analysis of the legal issues presented in the Petition.  For the reasons explained below, this Court: (1) **ADOPTS** the Magistrate Judge's Report in its entirety denying the petitioner for writ of habeas corpus, and (2) **DENIES** a certificate of appealability.

## BACKGROUND

### A. Procedural Background

On March 22, 2011, the San Diego County District Attorney's Office filed an amended felony complaint charging Petitioner with assault by means likely to produce great bodily injury in violation of California Penal Code ("Penal Code") section 245(a)(1) (Count 1), attempt to dissuade a witness from prosecuting a crime in violation of Penal Code section 136.1(b)(2) (Count 2), and battery with serious bodily injury in violation of Penal Code section 243(d) (Count 4).[1]  Dkt. No. 14-1 at 42-43.

Following a jury trial, Petitioner was found guilty of Counts 1 and 4 and not guilty of Count 2.  *Id.* at 132-34.  The jury further found that the Petitioner had, in fact, personally inflicted great bodily injury upon the victim, Jodi Tannehill, within the meaning of Penal Code section 12022.7(a).[2]  *Id.* at 132.  A new trial motion, filed August

---

[1] Count 3 charged a co-defendant.  Dkt. No. 14-1 at 24.
[2] "Any person who personally inflicts great bodily injury on any person other than an accomplice in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for three years."

3, 2011 by trial counsel Gretchen Von Helms, argued that Petitioner was deprived of his right to a fair trial as the result of multiple *Brady* errors (*Brady v. Maryland*, 373 U.S. 83 (1963)) and the totality of the circumstances. *Id.* at 166. Another new trial motion, filed July 24, 2012 by new counsel, argued that Defendant was denied effective assistance of trial counsel which was prejudicial to his case; that the trial court erred in barring third-party culpability evidence; and that there was insufficient evidence to support the trial verdict. Dkt. No. 14-2 at 2-3. Both motions were denied, Dkt. No. 14-9 at 26, and Petitioner was sentenced to fourteen years in state prison on September 27, 2012. Dkt. No. 14-1 at 80.

Petitioner appealed his conviction with the California Court of Appeal, raising Claim 5 and part of Claim 1 of the habeas corpus petition presently before the Court. Dkt. No. 14-12 at 2. In the appeal, Petitioner argued that (1) "he received ineffective assistance when counsel failed to advocate for the court to instruct the jury that emotional trauma does not constitute 'serious bodily injury' in response to a jury note"; (2) that "the trial court violated its instructional duty under Penal Code section 1138 and his [Petitioner's] due process rights by failing to provide a proper response to the jury's question regarding whether psychological harm could constitute serious bodily injury"; and (3) that the restitution fine listed on the abstract of judgment was incorrectly listed as $33,660 rather than $3,360. *Id.* On January 16, 2014, the state appellate court rejected Petitioner's first two contentions, but agreed with the third. *Id.*

On March 30, 2014, Petitioner filed a Writ of Habeas Corpus in the California Supreme Court. Dkt. 14-15 at 1. The petition was supported by a 43-page memorandum of points and authorities that laid out each of his grounds for relief. *Id.* at 8. Specifically, Petitioner alleged that (1) he was denied effective assistance of counsel at trial; (2) the prosecutor engaged in a pattern of misconduct resulting in the violation of Petitioner's due process rights; (3) the trial court prejudicially erred by denying Petitioner's motion to suppress; (4) the trial court prejudicially erred by denying his motion for substitution of counsel; (5) the trial court prejudicially erred by failing to properly respond to the jury's

question regarding whether psychological harm could constitute serious bodily injury; (6) the trial court prejudicially erred by denying Petitioner's motion for new trial; and (7) Petitioner was denied effective assistance of counsel on appeal. *Id.* The California Supreme Court denied Petitioner's petition without comment on July 8, 2015. Dkt. No. 14-16 at 1.

On August 13, 2015, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 in this Court. Dkt. No. 1 at 1. In it, he alleges the exact same grounds for relief that he had presented to the California Supreme Court. *Id.* at 17. What is more, a near identical copy of the 43-page memorandum of law and authorities attached to his California Supreme Court petition was attached to the instant Petition. *Id.* Respondent filed an opposition and lodged the state court records on December 21, 2015, arguing that habeas relief is unavailable for Petitioner because (1) the state court's rejection of Petitioner's claims of ineffective assistance of counsel was reasonable under 28 U.S.C. § 2254(d); (2) the state court's rejection of Petitioner's claims of prosecutorial misconduct was reasonable under 28 U.S.C. § 2254(d); (3) Petitioner's Fourth Amendment Claim is not cognizable on habeas corpus; (4) the state court's rejection of Petitioner's request for substitution of counsel was reasonable under 28 U.S.C. § 2254(d); (5) the state court's rejection of Petitioner's claim that the trial court improperly answered a jury question and that his counsel was ineffective in failing to challenge the trial court's answer was reasonable under 28 U.S.C. § 2254(d); (6) the state court's rejection of Petitioner's claim of insufficient evidence was reasonable under 28 U.S.C. § 2254(d); and (7) the state court's rejection of Petitioner's claim of ineffective assistance of appellate counsel was reasonable under 28 U.S.C. § 2254(d). Dkt. No. 13-1. Despite being granted a motion for extension of time to file a traverse, Petitioner never filed an opposition to Respondent's contentions before this Court. *See* Dkt. No. 19.

**B. Standard of Review of Magistrate Judge's Report and Recommendation**

The district court's role in reviewing a Magistrate Judge's report and recommendation is set forth in 28 U.S.C. § 636(b)(1). The district court "may accept,

4

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Federal Rule of Civil Procedure 72(b); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). In the absence of a timely objection from Petitioner, the Court need "only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b) (advisory committee notes). When no objections are filed, a district court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law. *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974). Here, Petitioner has not filed an objection to the Report. The Court will therefore assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law. *See id.*

**C. Factual Background**

This Court gives deference to state court findings of fact and presumes them to be correct; Petitioner may rebut the presumption of correctness, but only by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *see also Parle v. Fraley*, 506 U.S. 20, 35-36 (1992) (holding findings of historical fact, including inferences properly drawn from these facts, are entitled to statutory presumption of correctness). The following facts are taken from the unpublished California Court of Appeal opinion, affirming Petitioner's conviction, Dkt. No. 14-12, Lodgment No. 5, *People v. Harris*, No. SCD226968 (Cal. Ct. App. Jan. 14, 2014), and are likewise summarized in the Magistrate Judge's Report.

> While at a party, Harris punched Jodi Tannehill in the face, causing her to fall to the floor. While Tannehill was unconscious on the floor, Harris poured beer on her, unzipped his pants and urinated on her. The emergency doctor who treated Tannehill after the attack testified that she suffered a hematoma (bleeding under the skin) on her forehead and an abrasion and bruising on the front of her head. He diagnosed her with a closed-head injury, an abrasion, and possible "GHB" poisoning. The doctor explained that a "closed-head injury" is commonly referred to as a "concussion."
>
> Tannehill testified that her injuries remained black, blue and painful for several weeks. As a result, she could not bite or chew and ate only soft foods. The bump on her head lasted for three to five months, and she had to have blood drained from her head twice after the attack. She suffered daily headaches for several months. Because of her headaches and the treatment,

5

she had to take time off from school. She also suffered panic attacks that affected her ability to work as a hairdresser.

Dkt. No. 14-12 at 2-3.

## **DISCUSSION**

A petition for federal habeas relief under 28 U.S.C. § 2254 can only be granted with respect to any claim that has been adjudicated on the merits in state court proceedings if the Court determines that the state court decided the petitioner's case in a manner that was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 403, 412-13 (2000). "Federal habeas courts making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . . . [rather than] transform the inquiry into a subjective one." *Williams*, 529 U.S. at 409-10. Even if Petitioner can satisfy § 2254(d), or demonstrate that it does not apply, Petitioner must still show that a federal constitutional violation occurred, and that any such constitutional error had a "substantial and injurious effect." *Fry v. Pliler*, 551 U.S. 112, 121-22 (2007); *Arizona v. Fulminante*, 499 U.S. 279, 306 (1991) (stating "most constitutional errors can be harmless.").[3]

When the California Supreme Court summarily denies a petition for review without citation to authority, claims raised by a petitioner before the district court are analyzed according to the last reasoned state court decision on the issue. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-06 (1991); *Medina v. Hornung*, 386 F.3d 872, 877 (9th Cir. 2004). According to that practice, district courts should presume that the state supreme court denial rested upon the same ground as that presented by the last reasoned decision. *Ylst*, 501 U.S. at 803; *Campbell v. Rice*, 408 F.3d 1166, 1170 (9th Cir. 2005)

---

[3] The Court observes that Petitioner has not challenged the applicability of 28 U.S.C. § 2254(d).

(looking through silent denial by state supreme court to appellate court decision, which similarly did not address the issue, to the trial court opinion, which did address the issue before the district court). When a federal habeas court is faced with reviewing a state court denial for which there is no reasoned decision, the deferential standard under § 2254(d) cannot be applied because there is "nothing to which we can defer." *Luna v. Cambra*, 306 F.3d 954, 960 (9th Cir. 2002). "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 562 U.S. 86, 98 (2011). "'[W]hen the state court does not supply reasoning for its decision,' we are instructed to engage in an 'independent review of the record' and ascertain whether the state court's decision was 'objectively unreasonable.'" *Walker v. Martel*, 709 F.3d 925, 939 (9th Cir. 2013) (quoting *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000)); *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003) ("Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively reasonable.").[4]

### 1. Reasonable denial of Petitioner's Sixth Amendment ineffective assistance of counsel claim.

As summarized by the Magistrate Judge's Report, Petitioner argues that his trial counsel, Gretchen Von Helms, rendered ineffective assistance of counsel in violation of Petitioner's Sixth Amendment rights. Dkt. No. 1 at 32. Specifically, Petitioner contends that trial counsel was ineffective by: (1) failing to adequately prepare for trial; (2) failing to call alibi witnesses; (3) failing to object to a *Brady v. Maryland* violation; (4) failing to retain a DNA expert and retest DNA evidence; and (5) admitting Petitioner's guilt in

---

[4] The Court notes that the conclusions reached below do not depend upon whether the Court analyzed the "last reasoned opinion" or whether it conducted an "independent review of the record" to determine whether the California Supreme Court's denial of Petitioner's claims were "objectively unreasonable," because each of Petitioner's claims fails under both rubrics.

closing argument.[5]  *Id.* at 31-47.  In its opposition, Respondent avers that the state court acted reasonably by denying Petitioner's claims because his conclusory allegations were insufficient to satisfy the two-pronged test for demonstrating ineffective assistance of counsel.

To establish that counsel's performance was ineffective, Petitioner must show that (1) his "counsel's representation fell below an objective standard of reasonableness" and (2) that such failure prejudiced him in that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).  When considering a claim of ineffective assistance of counsel, a reviewing court must be highly deferential to counsel's performance.  *Id.* at 689.  "Counsel's competence, however, is presumed and the defendant must rebut this presumption by proving that his attorney's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy."  *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986).  This necessitates a case-by-case examination of the evidence.  *See Williams v. Taylor*, 529 U.S. at 391.

When reviewing state prisoner habeas claims based on ineffective assistance of counsel, federal courts must use the "doubly deferential standard of review that gives both the state court and the defense attorney the benefit of the doubt."  *Burt v. Titlow*, 134 S. Ct. 10, 13 (2013) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 171-72 (2011)).  Finally, when evaluating a petitioner's claim of ineffective assistance of counsel, a court may address prejudice without first deciding if counsel's performance was deficient because both deficient performance and prejudice must be established to warrant relief.  *Villafuerte v. Stewart*, 111 F.3d 616, 630 (9th Cir. 1997).

---

[5] All but the fifth IAC claim was brought before the trial court on the motion for new trial, i.e., "the last reasoned decision."  Dkt. No. 14-9 at 55-58.  Thus, the Court conducts an "independent review" of the constitutional issue only as to Petitioner's claim regarding counsel's closing argument.  *See Walker*, 709 F.3d at 939.

Petitioner contends that counsel was ineffective under *Strickland* because she did not spend "a great deal of time and effort" in preparing his defense and sentencing. Dkt. No. 1 at 34. More specifically, Petitioner avers that counsel did not undertake sufficient research into his "background" and the "context of the facts and circumstances of the case." *Id.* Such arguments, however, are not enough to establish that the state court unreasonably applied the *Strickland* standard. In rejecting Petitioner's *Strickland* claim, the trial court concluded that counsel was "well prepared" in the case and that counsel exhibited "extensive knowledge of the facts." Dkt. No. 14-19 at 55. Given these findings, it was not unreasonable to conclude that counsel's performance did not fall below professional norms. Moreover and even if such a conclusion was unreasonable in light of *Strickland*, Petitioner's motion still fails for lack of prejudice. Petitioner has made no argument explaining what facts or circumstances counsel would have uncovered had she devoted more time to Petitioner's defense or sentencing, or how those facts would have made it reasonably probable that the verdict or sentencing would have been different. Accordingly, Petitioner has not demonstrated ineffective assistance of counsel with respect to counsel's preparation.

Next, Petitioner contends that counsel was ineffective for refusing to call alibi witnesses. Dkt. No. 1 at 35-36. This argument is also insufficient to meet Petitioner's burden under 28 U.S.C. § 2254(d). The trial court rejected Petitioner's *Strickland* claim because it found that counsel's failure to call the challenged witnesses was tactical. Dkt. No. 1 at 56-57. In fact, as Respondent points out, none of the three witnesses that Petitioner identified as alibi witnesses actually provided alibi testimony. Dkt. No. 13-1 at 12. The altercation with the victim occurred sometime between 11:00 pm on March 13, 2010 and 2:00 am on March 14, 2010. Dkt. No. 14-4 at 191-93. Yet Petitioner's "alibi" witnesses only accounted for Petitioner's whereabouts from 2:30 am onward on March 14, 2010. *See* Dkt. No. 14-2 at 59, Joyce Jones Decl. ("We got to Chantel's house sometime before 2:00 a.m. . . . . A few minutes after we arrived, Curt arrived at Chantel's house . . . ."); Dkt. No. 14-2 at 62, Michelle Gothard Interview (". . . at about 0230 am,

Michelle went to military housing after she received a call from Robert Whaley . . . .
Michelle said she . . . picked up Robert Whaley, Daniel Cruz, Sadie Diaz, and Curtis
Harris."). Accordingly, the Court concludes that it was not unreasonable for the state
court to find that the failure to call these witnesses was tactical and, therefore, not a
violation of *Strickland*. *See* 28 U.S.C. § 2254.

Petitioner also contends that counsel was ineffective in failing to challenge a *Brady*
violation. Specifically, Petitioner avers that counsel "failed to impeach" Detective
Medina regarding the first photographic lineup, which did not include a picture of
Petitioner. *See* Dkt. No. 1 at 67. Yet again, however, this argument is not enough to
demonstrate that the state court unreasonably applied federal constitutional law. The trial
court concluded that no prejudice resulted from failing to disclose that the first
identification lineup did not include Petitioner because "more than one witness who was
familiar with the defendant prior to the time of attack" testified as eyewitnesses. Dkt. No.
14-9 at 57. Accordingly and in light of the fact that Defendant had been identified by
other eyewitnesses, the Court concludes that the state court did not unreasonably
conclude that no prejudice resulted from this alleged *Brady* violation. *See* 28 U.S.C.
§ 2254.

Petitioner goes on to argue that counsel was ineffective because she "never
obtained an expert on DNA analysis and never requested to have the DNA re-analyzed by
his own expert." Dkt. No. 1 at 102. Petitioner asserts that DNA evidence was "a [k]ey
part of the prosecution's case and defense counsel had a duty to obtain expert witnesses
to advise her as well as to have the DNA re-analyzed by her own expert." *Id.* This
argument is not enough to meet Petitioner's 28 U.S.C. § 2254(d) burden. The trial court
concluded that there was no evidence to support the assertion that counsel's decision was
anything but tactical and that any failure to call such witnesses did not fall below the
performance of a "reasonable competent counsel." Moreover and as pointed out by
Respondent, counsel stated in her declaration to the trial court that she had specifically
discussed with Petitioner "whether it would be advantageous to have a DNA expert

testify" given that his DNA was present at the scene of the party. Dkt. No. 14-2 at 54. That counsel had such a discussion with her client lends reason to the state court's conclusion that any the failure to call a DNA expert was a strategic decision made in consultation with Petitioner. Accordingly, the Court concludes that it was not unreasonable for the state court to deny Petitioner's *Strickland* claim on this count.

Lastly, Petitioner avers that counsel rendered ineffective assistance of counsel by conceding Petitioner's guilt during closing argument. Dkt. No. 1 at 32. Specifically, Petitioner contends that "counsel's closing argument or lack there of was reprensible [sic] her deficient performance all but declared Mr. Harris guilty." *Id.* This argument likewise fails. An independent review of the record does not raise any objective concern that the closing argument was constitutionally deficient. *See Walker*, 709 F.3d at 939. In her closing argument, counsel stated the following:

> . . . Mr. Curtis Harris is not guilty of these fabrications, accusations against him. He is not guilty. I hold this up for you. This is one of your jury instructions. It says a defendant in a criminal case is presumed to be innocent. Jodi Tannehill, I feel bad for her . . . She doesn't really remember anything. She certainly doesn't say Mr. Harris hit me or punched me. [I]f you recall, she was shown lineup pictures with his picture in it, and she didn't pick him out at that time . . . If it had been Curtis Harris, Brandy and Lashonna would have said there he is, right there, standing there with Sadie. And they were all asked to leave by the police. They don't say that. They come up with this later. . . .

Dkt. No. 14-7 at 294-300. Given that these and other statements contradict Petitioner's assertion that counsel conceded guilt in her closing, the Court cannot conclude that the state court's rejection of Petitioner's *Strickland* claim was objectively unreasonable. As such, Petitioner's argument fails.[6]

---

[6] To the extent that the Petition also argues that trial counsel violated his Sixth Amendment rights by coercing him not to testify, Dkt. No. 1 at 36, the Court likewise concludes that Petitioner has failed to state a *Strickland* claim as to that fact. As the Report emphasizes, "Petitioner failed to provide factual support that he was coerced into refraining from testifying on his own behalf. On the record, Petitioner never indicated that he wanted to testify or that he was prevented from doing so by counsel." Dkt. No. 20 at 8.

For the foregoing reasons, this Court **DENIES** Claim 1 concerning trial counsel's ineffective assistance of counsel. Petitioner has not demonstrated that trial counsel acted deficiently in violation of the Sixth Amendment, and even if counsel had, Petitioner has not shown any error to be prejudicial. The state court's adjudication of the claim was, therefore, neither contrary to, nor an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d).

## 2. Reasonable denial of Petitioner's claims of prosecutorial misconduct.

Petitioner alleges that the prosecution engaged "in a pattern of misconduct throughout trial, violating petitioner's federal constitutional right to due process, requiring reversal." Dkt. No. 1 at 47. Specifically, Petitioner argues that the prosecutor impermissibly told the jury that Petitioner assaulted the victim and urinated on her without any good faith basis for those factual assertions. *Id.* at 48. As such, Petitioner argues, the prosecutor elicited "inadmissible hearsay testimony" and "improperly attempted to shift the burden of proof to the defense during closing argument." *Id.* at 48-49. Respondent, in turn, argues that Petitioner has failed to demonstrate that the California Supreme Court, the only state court to review this claim, unreasonably applied controlling United State Supreme Court precedent in rejecting Petitioner's claim. Dkt. No. 13-1 at 15.

In the case of federal habeas review of prosecutorial misconduct, "The relevant question is whether the prosecutor['s] comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (citing *Donnelly v. DeChristoforo*, 416 U.S. 637 (1974)). For purposes of granting federal habeas relief, any prosecutorial trial error must be more than merely undesirable or erroneous, it must rise to the level of a constitutional denial of due process, and be reviewed in the context of the entire trial. *Donnelly*, 416 U.S. at 643. Prosecutorial misconduct, therefore, violates due process only if the evidence presented, taken as a whole, gives a jury a false impression. *Downs v. Hoyt*, 232 F.3d 1031, 1038 (9th Cir. 2000) (citations omitted).

Upon "independent review of the record" for objective reasonableness, *see Walker*, 709 F.3d at 939, this Court concludes that Petitioner has failed to demonstrate any due process violation, nevertheless that the state court unreasonably applied the Supreme Court's precedent on prosecutorial misconduct.

First, Petitioner's argument that the prosecutor committed misconduct by eliciting hearsay testimony is without merit. Petitioner contends that the prosecution "put on numerous witnesses who claimed that they witnessed Mr. Harris assault and urinate on Ms. Tannehill." Dkt. No. 1 at 47. These witnesses, according to Petitioner, "presented serious credibility problems . . . had motive to lie . . . and testified to facts not in evidence, hearsay and multiple hearsay and made statements that were induced by the prosecutor." *Id.* What this line of argument fails to appreciate, however, is that statements made by witnesses who testify at trial are not hearsay. *See* Federal Rule of Evidence 801(c). What is more, and as the Report points out, because these adverse witnesses took the stand, Petitioner had an opportunity to cross-examine and impeach them. Petitioner, therefore, has failed to demonstrate any prosecutorial misconduct and failed to state a claim for habeas relief. Moreover and even if Petitioner had stated a cognizable claim, Petitioner's argument would still fail because it does not demonstrate that it was unreasonable for the state court to find no due process violation.

Second, Petitioner's contention that the prosecutor committed misconduct by improperly shifting the burden of proof to the defense during closing argument is also without merit. Dkt. No. 1 at 49. Petitioner argues that the following excerpt from the prosecutor's closing argument impermissibly shifted the burden of proof to the defense.

> Ms. Von Helms has done a great job in this case because there aren't witnesses for Mr. Harris. There aren't facts for Mr. Harris. It is clear as day. We have got DNA evidence proving that he was a contributor to the sweat-shirt. There is not fact, good facts for them to argue.

*Id.* at 53. Yet contrary to what Petitioner asserts, this language does not amount to a due process violation.

"It is common practice for one side to challenge the other to explain to the jury uncomfortable facts and inferences." *U.S. v. Mares*, 940 F.2d 455, 461 (9th Cir. 1991). "Comments intended to highlight the weaknesses of a defendant's case do not shift the burden of proof to the defendant where the prosecutor does not argue that a failure to explain them adequately requires a guilty verdict and reiterates that the burden of proof is on the government." *U.S. v. Vaanderling*, 50 F.3d 696, 701-02 (9th Cir. 1995).

The prosecutor, here, did not argue that Petitioner's failure to call witnesses required a guilty verdict. Dkt. No. 14-7 at 290-93. And although the prosecutor's closing argument did not explicitly emphasize that the government bore the burden of proof, Petitioner has not demonstrated how this comment "infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden*, 477 U.S. at 181.

Moreover and even if the argument was improper, the trial court's instructions cured any defect. During jury instructions, the trial court reminded the jury that "the people have the burden of proving beyond a reasonable doubt that it was the defendant who committed the crime. If the people have not met this burden, you must find that the defendant is not guilty." Dkt. No. 14-7 at 271. The trial court also emphasized that "nothing that the attorneys say is evidence. In their opening statements and closing arguments, the attorneys discuss the case, but their remarks are not evidence. Only the witness' answers are evidence." *Id.* at 263. The trial court also went on to underline the presumption of innocence. *Id.* at 274 ("A defendant in a criminal case is presumed to be innocent. This presumption requires that the People prove a defendant guilty beyond a reasonable doubt . . . . Unless the evidence proves the defendant guilty beyond a reasonable doubt, he is entitled to an acquittal and you must find him not guilty.") In addition, the trial court also highlighted that no inferences can be drawn from the defendant's failure to testify. *Id.* at 273 ("A defendant has an absolute constitutional right not to testify. He or she may rely on the state of the evidence and argue that the People

have failed to prove the charges beyond a reasonable doubt.  Do not consider for any reason at all the fact that the defendant did not testify.").

Given these instructions, coupled with the fact that the prosecution did not argue that the failure to present witnesses required a guilty verdict, the Court finds that it was objectively reasonable for the state court to find no prosecutorial misconduct in violation of due process.  *See U.S. v. Mares*, 940 F.2d 455, 461 (9th Cir. 1991) (finding that jury instruction cured improper prosecutorial argument regarding defendant's decision not to testify where district court instructed jury that counsel's argument were not evidence, that defendant need not prove his innocence, and that no inference could be drawn from failure to testify).  The Court moreover concludes that in light of the trial courts' jury instructions and the nature of the prosecutor's allegedly improper closing argument, any misconduct did not result in a miscarriage of justice requiring reversal of judgment. *Chapman v. California*, 386 U.S. 18, 24 (1967); *see also Darden*, 477 U.S. at 182.

For the foregoing reasons, this Court **DENIES** Claim 2 concerning prosecutorial misconduct in violation of due process.  Petitioner has not demonstrated that any prosecutorial misconduct constituted a due process violation, and even if Petitioner had, he has not demonstrated why such an error was prejudicial.  The state court's adjudication of the claim was, therefore, neither contrary to, nor an unreasonable application of, clearly established federal law.  *See* 28 U.S.C. § 2254(d).

### 3. Cognizability of Petitioner's claim that denial of motion to suppress violated the Fourth Amendment.

Petitioner argues that the trial court erred by denying Petitioner's motion to suppress identification testimony, the victim's sweatshirt, and DNA testimony offered against him at trial.  Dkt. No. 1 at 55-56.   Respondent replies by contending that Petitioner's claim is not cognizable on federal habeas corpus.  This Court agrees.

The Supreme Court has held that defendants have the right to a full and fair litigation of any Fourth Amendment claim.  "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may

not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 469 (1976). Petitioner, therefore, has a cognizable Fourth Amendment claim only insofar as he was denied the opportunity to be heard on his motion to suppress. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996) ("The relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided.").

No such denial occurred here. A motion to suppress brought pursuant to Penal Code § 1538.5 provides a defendant with the full and fair opportunity to litigate contemplated by *Powell*. *See Gordon v. Duran*, 895 F.2d 610, 613-14 (9th Cir. 1990). Accordingly and because Petitioner has failed to state a claim cognizable under federal habeas law, the Court concludes that Petitioner has failed to state a habeas claim. Thus, and for the foregoing reasons, the Court **DENIES** Claim 3 concerning violation of Petitioner's Fourth Amendment rights.

### 4. Cognizability of Petitioner's claim that trial court's denial of Petitioner's motion for substitution of counsel violated the Sixth Amendment.

Petitioner next argues that the trial court violated his Sixth Amendment right to the counsel of his choosing. Dkt. No. 1 at 58. Respondent, in turn, dismisses this claim because the trial court never adjudicated any question concerning the substitution of counsel. Dkt. No. 13-1 at 17. The Court agrees that Petitioner has not stated a valid habeas claim in this regard.

Petitioner, like all criminal defendants, has a right to the assistance of counsel for his defense. U.S. Const. amend. VI. Defendants who can afford to retain counsel have a qualified right to obtain counsel of their choice. *Caplin & Drysdale, Chartered v. U.S.*, 491 U.S. 617, 624 (1989). Defendants who cannot afford to retain counsel have a constitutional right to have counsel appointed. *Faretta v. California*, 422 U.S. 806, 807 (1975). A constitutionally infirm denial of substitution of counsel occurs where the conflict between the defendant and counsel became so severe that it resulted in a "total

lack of communication or other significant impediment that resulted [ ] in an attorney-client relationship that fell short of that required by the Sixth Amendment." *Schell v. Witek*, 218 F.3d 1017, 1026 (9th Cir. 2000). An attorney-client relationship, however, need not be meaningful to meet this standard. *Entsminger v. Iowa*, 386 U.S. 748, 751 (1967). Rather, the relationship merely must be enough to allow counsel to act as an advocate. *Id.*

On April 1, 2011, Petitioner informed the trial court that he wanted to substitute his counsel. Dkt. No. 14-7 at 1290. On April 6, 2011, Petitioner abandoned his request. *Id.* at 1304 ("We conducted that hearing yesterday based on your request to have different counsel. Based on the events that have occurred since that time, am I correct that you are no longer asking the Court to change your attorney? . . . Yes . . . All right. . . . And the Court based upon the defendant's withdrawal of his request of different counsel, we will proceed."). The trial court, therefore, could not have erred in denying Petitioner's motion for substitution of counsel because Petitioner withdrew that motion before any adjudication took place. Accordingly, Petitioner has not stated a valid claim for habeas relief. Thus, and for the foregoing reasons, the Court **DENIES** Claim 4 concerning violation of Petitioner's Fourth Amendment rights.

### 5. Reasonable denial of Petitioner's claim that trial judge erred in responding to jury question.

Petitioner argues that the trial court violated his constitutional rights by inadequately responding to a jury note given to the court during jury deliberation. Dkt. No. 1 at 60-61. Respondent counters by arguing that Petitioner has failed to demonstrate how the trial court's response amounted to a constitutional violation. Dkt. No. 13-1 at 19.

"When a jury makes explicit its difficulties a trial judge should clear them away with concrete accuracy." *Bollenbach v. U.S.*, 326 U.S. 607, 612 (1946). When a judge's response to a specific jury request is in error, the court violates the defendant's due process rights. *Beardslee v. Woodford*, 358 F.3d 560, 575 (9th Cir. 2004). Yet where a

court gives a correct instruction, and the judge directs the jury to the "precise paragraph that answered the question clearly" there is no constitutional defect because the jury is presumed to follow instructions. *Id.* (citing *Weeks v. Angelone*, 528 U.S. 225, 234 (2000)).

During deliberations, the jury passed the following note to the court: "clearer definition of 'battery causing serious bodily injury.' Does that include emotional suffering, such as inability to perform job duties due to the emotional trauma caused by an injury?" Dkt. No. 14-12 at 3. The trial court responded to this inquiry by stating "[t]he definition of 'serious bodily injury' is contained in Instruction [CALCRIM No.] 925, the final paragraph." *Id.* The final paragraph of CALCRIM No. 925, as provided to the jury, read as follows: "A *serious bodily injury* means a serious impairment of physical condition. Such an injury may include, but is not limited to: . . . loss of consciousness/ concussion/ bone fracture/ protracted loss or impairment of function of any bodily member or organ." *Id.*

Petitioner does not argue that this response or jury instruction was erroneous. Petitioner only argues that the judge should have corrected the jury's potentially erroneous understanding of the relevant instructions. Dkt. No. 1 at 60. A trial judge, however, enjoys wide discretion in responding to a question for the jury and need not exercise its duty in any "precise manner." *Arizona v. Johnson*, 351 F.3d 988, 994 (9th Cir. 2003). Accordingly, and absent any argument that the trial judge's instruction was erroneous, or an abuse of discretion, or that it otherwise infected the legal proceedings, Petitioner has failed to demonstrate any constitutional violation. As such, Petitioner's claim fails. Furthermore and because Petitioner has not demonstrated any error in the trial court's jury instruction, Petitioner has failed to demonstrate that trial counsel rendered ineffective assistance of counsel by not objecting to the judge's response.

For the foregoing reasons, this Court **DENIES** Claim 5 concerning the trial court's response to the jury instruction. Petitioner has not demonstrated that any trial court error constituted a due process violation, and even if Petitioner had, he has not demonstrated

3:15-cv-001794-GPC-PCL

why such an error was prejudicial.  Moreover and because the Court does not find any due process violation, the Court similarly denies Petitioner's claim that trial counsel violated the Sixth Amendment by failing to object to the trial court's response to the jury. The state court's adjudication of the claim was, therefore, neither contrary to, nor an unreasonable application of, clearly established federal law.  *See* 28 U.S.C. § 2254(d)

### 6. Reasonable denial of Petitioner's claim of insufficient evidence in violation of due process.

Petitioner next argues that the trial court erred in refusing to grant a new trial.  Dkt. No. 1 at 63.  Specifically, he alleges that the evidence adduced at trial did not provide substantial evidence of the crimes committed.  *Id.* at 65.  Respondent, in turn, argues that Petitioner has pointed to no record of or absence of evidence that challenges the trial court's denial or that renders the state court's denial of his claim objectively unreasonable.  Dkt. No. 13-1 at 19.

The due process clause of the Fourteenth Amendment "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."  *In re Winship*, 397 U.S. 358, 364 (1970). Thus, "a state prisoner who alleges that the evidence in support of his state conviction cannot be fairly characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt has stated a federal constitutional claim."  *Jackson v. Virginia*, 443 U.S. 307, 321 (1979).  The *Jackson* standard is applied "with explicit reference to the substantive elements of the criminal offense as defined by state law."  *Davis v. Woodford*, 384 F.3d 628, 639 (9th Cir. 2004).  Moreover, "an additional layer of deference is added to this standard by 28 U.S.C. § 2254(d), which obliges [the defendant] to demonstrate that the state court's adjudication entailed an unreasonable application of the quoted *Jackson* standard."  *See Briceno v. Scribner*, 555 F.3d 1069, 1078 (9th Cir. 2009).

Petitioner has failed to offer any argument regarding how the state court's denial of his request for new trial was contrary to, or an unreasonable application of, the *Jackson* standard.  Petitioner avers, in conclusory fashion, that the judge "merely rubber stamped

the decision" and that the evidence was "flimsy, illogical and deficient," Dkt. No. 1 at 65, but offers no argument regarding how the trial court misapplied *Jackson* nevertheless how the evidence at trial could not have led a rational trier of fact to find guilt beyond a reasonable doubt. What is more, upon an independent review of the evidence in the record, the Report has concluded that sufficient testimony supports the jury's conclusion. *See* Dkt. No. 20 at 20.

For the foregoing reasons, this Court **DENIES** Claim 6 concerning the sufficiency of the evidence. Petitioner has not demonstrated any due process violation or offered any argument as to why the state court denial of his claim was objectively unreasonable. The state court's adjudication of the claim was, therefore, neither contrary to, nor an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)

### 7. Reasonable denial of Petitioner's claim of ineffective assistance of counsel on direct appeal.

Lastly, Petitioner contends that his counsel on appeal violated his Sixth Amendment right to effective assistance of counsel by failing to bring the claims he has raised in this Petition on appeal. Dkt. No. 1 at 67. Specifically, Petitioner argues that "Had appointed appellate counsel raised these issues on appeal, the appellate court would have had to overturn the current conviction." *Id.* at 70. Respondent, in turn, avers that this argument is without merit because Petitioner has failed to demonstrate that appellate counsel's performance was deficient or prejudicial. Dkt. No. 13-1 at 20. The Court agrees.

A petitioner claiming ineffective assistance of appellate counsel must satisfy the *Strickland v. Washington* two-pronged test. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). Thus, to succeed on this claim, a petitioner must demonstrate both that appellate counsel unreasonably failed to discover and raise nonfrivolous issues and that it was reasonably probable that, had counsel raised such issues, he would have prevailed on appeal. *Id.*

Appellate counsel raised three issues on appeal, namely: (1) that trial counsel rendered ineffective assistance by failing to object to the court's response to the jury's

question regarding the definition of serious bodily injury; (2) that the trial court violated Petitioner's due process rights by not providing a proper response to the jury question; and (3) that the abstract of judgment should be modified by reducing the fine from $33,660 to $3,360. Dkt. No. 14-12.

Petitioner faults appellate counsel for only raising these three claims and for not arguing the other claims brought in this Petition. The constitution, however, does not require appellate counsel to raise every colorable or non-frivolous claim. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983). Thus, Petitioner fails to demonstrate that appellate counsel provided deficient performance merely by pointing out that counsel did not raise all of the claims presented here on appeal. What is more and in any event, Petitioner has also failed to explain why it was reasonably likely that he would have prevailed on appeal had counsel raised these issues. Accordingly, the Court concludes that the state court's denial of Petitioner's ineffective assistance of appellate counsel claim was not objectively unreasonable.

For the foregoing reasons, this Court **DENIES** Claim 7 concerning appellate counsel's ineffective assistance of counsel. Petitioner has not demonstrated that appellate counsel acted deficiently in violation of the Sixth Amendment, and even if counsel had, Petitioner has not shown any error to be prejudicial. The state court's adjudication of the claim was, therefore, neither contrary to, nor an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d).

## CERTIFICATE OF APPEALABILITY

A petitioner complaining of detention arising from state court proceedings must obtain a certificate of appealability to file an appeal of the final order in a federal habeas proceeding. 28 U.S.C. § 2253(c)(1)(A). The district court may issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* at (c)(2). To make a "substantial showing," the petitioner must "demonstrat[e] that reasonable jurists would find the district court's assessment of the constitutional claims debatable." *Beaty v. Stewart*, 303 F.3d 975, 984 (9th Cir. 2002)

(quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Petitioner has not made a "substantial showing" as to any of the claims raised by his Petition, and thus the Court **DENIES** a certificate of appealability.

### CONCLUSION

For all of the foregoing reasons, this Court: (1) **ADOPTS** the Magistrate Judge's Report in its entirety denying the petition for writ of habeas corpus, and (2) **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

Dated: August 24, 2017

Hon. Gonzalo P. Curiel
United States District Judge

3:15-cv-001794-GPC-PCL